IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DENNIS ALTER and WILLIAM A. ROSOFF,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION; FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Advanta Bank Corp.; and FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY<br><br><br><br>Case No. 2:13-CV-456 TS |

    This matter is before the Court on Plaintiffs Dennis Alter and William A. Rosoff's Motion to Stay and For Expedited Status Conference.[1] Defendant Federal Deposit Insurance Corporation, in its corporate capacity ("FDIC-C"), filed a response to Plaintiffs' Motion indicating that it "takes no position on Plaintiffs' motion."[2] Defendant Federal Deposit Insurance

---

    [1]Docket No. 51.

    [2]Docket No. 53, at 1.

1

Corporation, as receiver for Advanta Bank Corp. ("FDIC-R"), filed an opposition to Plaintiffs' Motion.

In their Motion, Plaintiffs request that the Court stay its consideration of Defendants' currently pending motions to dismiss until after the parties attend a mediation session on June 4, 2014. Plaintiffs also request that the Court strike the hearing on Defendants' motions, currently scheduled for March 6, 2014. Plaintiffs assert that a stay is warranted because they have reached settlements in a number of similar suits arising out of Advanta Bank Corp.'s failure and the parties are currently engaged in settlement discussions regarding their competing claims. Plaintiffs assert that it is in the interest of judicial economy to stay further proceedings in this action pending completion of the upcoming mediation. Plaintiffs further claim that Defendants will not be prejudiced by their request given the brevity of the stay.

The FDIC-R opposes Plaintiffs' Motion on the grounds that this is only the latest in a series of attempts to delay litigation between the parties. Further, the FDIC-R asserts that a ruling on Defendants motions to dismiss would only better the chances of settlement at the upcoming settlement conference. The FDIC-R also expresses a fear that a stay of this case may result in a delay of their action against Plaintiffs in the United States District Court for the Eastern District of Pennsylvania. According to the FDIC-R, that action has proceeded to discovery and the FDIC-R hopes to enter a scheduling order and set a trial date in an upcoming scheduling conference set for March 10, 2014.

The United States Supreme Court has described the stay power as "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants."[3] The Court finds the following factors relevant to its determination of whether to grant a stay in this case: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship.[4]

In the instant case, the Court finds that a stay would promote judicial economy. As Plaintiffs note, should the parties reach a settlement at the upcoming settlement conference, a ruling on Defendants' pending motions to dismiss will be obviated. Further, a stay of this matter in no way impacts the continued litigation of the FDIC-R's claims in the Pennsylvania action. By granting a stay in this case, the Court in no way speaks to the propriety of proceeding in the interim in the Pennsylvania action. Finally, the Court finds that Defendants will not be prejudiced by the brief stay requested at this time.

Based on the foregoing considerations, and in light of the FDIC-C's non-objection, it is hereby

ORDERED that Plaintiffs' Motion to Stay and For Expedited Status Conference (Docket No. 51) is GRANTED. The hearing set for March 6, 2014 is hereby STRICKEN. The parties are instructed to notify the Court of the status of this case and their intentions to proceed within ten (10) days of completion of their June 4, 2014, settlement conference.

---

[3] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[4] *Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, 2008 WL 4723008, at *2 (W.D. Okla. 2008).

DATED February 27, 2014.

BY THE COURT:

_____
TED STEWART
United States District Judge